# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELEBRANDS CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>THEFITLIFE, LLC,<br><br>      Defendant. | C.A. No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Telebrands Corporation ("Plaintiff" or "Telebrands") brings this Complaint for patent infringement against Defendant TheFitLife, LLC ("Defendant" or "TheFitLife") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of U.S. Patent Nos. 9,841,127 (the "'127 Patent") and 11,608,915 (the "'915 Patent") (collectively, the "Asserted Patents") in violation of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## THE PARTIES

2. Plaintiff Telebrands Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

3. Upon information and belief, Defendant TheFitLife LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 1625 Buffalo Avenue, Suite 2J, Unit 2J, Niagara Falls, New York 14303. Upon

information and belief, TheFitLife is doing business throughout the United States and within the State of Delaware.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the patent infringement claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over TheFitLife because TheFitLife is incorporated in Delaware, and regularly transacts business in Delaware, including offering for sale in, selling in, and/or importing into, the United States expandable hoses, including within this District. Defendant has a registered agent in Delaware: Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

6. Venue is proper pursuant to 28 U.S.C. § 1400(b) because TheFitLife is incorporated in Delaware and thus resides in this District.

## THE PATENTS-IN-SUIT

7. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 6 as if set forth herein in their entirety.

8. Telebrands is the owner of the '127 Patent, entitled "Garden Hose Device and Method," which the United States Patent and Trademark Office ("USPTO") duly and lawfully issued on December 12, 2017. A true and correct copy of the '127 Patent is attached hereto as **Exhibit A**.

9. Telebrands is the owner of the '915 Patent, entitled "Expandable and Contractible Garden Hose," which the USPTO duly and lawfully issued on March 21, 2023. A true and correct copy of the '915 Patent is attached hereto as **Exhibit B**.

## GENERAL ALLEGATIONS AND BACKGROUND

10. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 9 as if set forth herein in their entirety.

11. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

12. For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs. Telebrands expends significant human and financial resources cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy Telebrands' products.

13. For over ten years, Telebrands has been marketing and selling its expandable hose, which it currently sells under the trademark POCKET HOSE® and other related marks. The POCKET HOSE® hose is light in weight, does not kink when unwrapped or uncoiled, can expand up to three times its length when pressurized water is flowing through it, and can automatically contract to a reduced length when the water is released from it. The POCKET HOSE® hose has been and continues to be a massive success in the United States. Telebrands is the owner of all intellectual property rights in connection with the POCKET HOSE® hose including, without limitation, the patent rights asserted in this Complaint.

14. Indicative of the ingenuity and popularity of Telebrands' POCKET HOSE® hose, TheFitLife has impermissibly promoted and sold and continues to impermissibly promote and sell infringing expandable hose products embodying the inventions protected by the Asserted Patents.

Specifically, TheFitLife impermissibly promotes and sells the Flexible and Expandable Garden Hose, which comes in various sizes, including 25 feet, 50 feet, 75 feet and 100 feet (hereinafter the "Accused Products"). Screen shots of TheFitLife's website, https://www.thefitlifestore.com/products/thefitlife-flexible-and-expandable-garden-hose-strongest-triple-latex-core-with-3-4-solid-brass-fittings-free-8-function-spray-nozzle-easy-storage-kink-free-water-hose-100-ft, Amazon's website, https://www.amazon.com/TheFitLife-Expandable-Flexible-Garden-Hose/dp/B0C5J24JS5/ref=sr_1_8?crid=9X0LZRH70807&dib=eyJ2IjoiMSJ9.Ar2UoWJyxpU8Xela2_qbd06DXduUn20FnPRUeh95oMhJ1HLPMuk89rzqajzv7OHQUotKXkyeXs6lO_yXn6YTKg.jrEOu1-R0yuZCpAXY8UNrwToeA1qVIMipM4dj_dJ7cs&dib_tag=se&keywords=thefitlife%2Bexpandable%2Bhose&qid=1703697466&sprefix=thefitlife%2Bexpandable%2Bhose%2Caps%2C122&sr=8-8&th=1, and Walmart's website, https://www.walmart.com/ip/TheFitLife-Flexible-Expandable-Garden-Hose-13-Layer-Latex-Water-Retractable-Fabric-Solid-Brass-Fittings-Nozzle-Kink-Free-Lightweight-Collapsible-Expe/742957578, as of the filing date of this Complaint, promoting the Accused Products are attached hereto as **Exhibits C, D and E**, respectively.

## COUNT I
### (INFRINGEMENT OF THE '127 PATENT)

15. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 16 as if set forth herein in their entirety.

16. TheFitLife has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '127 Patent by making, using, offering

for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

17.     For example, as set forth in the attached exemplary claim chart provided in **Exhibit F**, the Accused Products include all of the limitations of at least Claim 1 of the '127 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '127 Patent under 35 U.S.C. § 271(a).

18.     Upon information and belief, TheFitLife had knowledge of the '127 Patent since at least its issuance on December 12, 2017 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '127 Patent against other manufacturers of similarly infringing expandable hoses. Additionally, as part of any customary due diligence before entering the expandable hose market, TheFitLife should have and likely did review patents covering expandable hoses and should have and likely did review the '127 Patent prior to the filing of this Complaint. Therefore, TheFitLife should have known, and has known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '127 Patent.

19.     Upon information and belief, since at least the date of the issuance of the '127 Patent, TheFitLife has had actual knowledge of the claims of the '127 Patent, and that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose. Upon information and belief, TheFitLife has taken no steps to remedy any infringement and continues to willfully infringe the '127 Patent.

20.     Telebrands has been and continues to be damaged by TheFitLife's infringement of the '127 Patent, has been and continues to be irreparably harmed by that infringement, and will

suffer additional damages and irreparable harm unless this Court enjoins TheFitLife from further infringement.

21. Due to TheFitLife's past and ongoing infringement of the '127 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

22. TheFitLife's infringement of at least Claim 1 of the '127 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## COUNT II
### (INFRINGEMENT OF THE '915 PATENT)

23. Telebrands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 22 as if set forth herein in their entirety.

24. TheFitLife has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '915 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

25. For example, as set forth in the attached exemplary claim chart provided in **Exhibit G**, the Accused Products include all of the limitations of at least Claim 1 of the ' 915 Patent and, therefore the Accused Products directly infringe at least Claim 1 of the '915 Patent under 35 U.S.C. § 271(a).

26. Upon information and belief, TheFitLife had knowledge of the '915 Patent since at least its issuance on March 21, 2023 due to the massive popularity of Telebrand's POCKET HOSE® hose and previous patent litigations regarding family members of the '915 Patent against

other manufacturers of similarly infringing expandable hoses. Additionally, as part of any customary due diligence before entering the expandable hose market, TheFitLife should have and likely did review patents covering expandable hoses and should have and likely did review the '915 Patent prior to the filing of this Complaint. Therefore, TheFitLife should have known, and has known, that selling, offering to sell, and importing into the United States the Accused Products constitutes direct infringement of the '915 Patent.

27. Upon information and belief, since at least the date of the issuance of the '915 Patent, TheFitLife has had actual knowledge of the claims of the '915 Patent, and that the Accused Products infringe one or more of those claims, including through its likely copying of the POCKET HOSE® hose. Upon information and belief, TheFitLife has taken no steps to remedy any infringement and continues to willfully infringe the '915 Patent.

28. Telebrands has been and continues to be damaged by TheFitLife's infringement of the '915 Patent, has been and continues to be irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins TheFitLife from further infringement.

29. Due to TheFitLife's past and ongoing infringement of the '915 Patent, Telebrands is entitled to monetary damages in an amount to be determined at trial, which may include lost profits but in no event less than a reasonable royalty.

30. TheFitLife's infringement of at least Claim 1 of the '915 Patent has been and continues to be willful and deliberate. As a result, Telebrands is entitled to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Telebrands prays that this Court enter judgment as follows:

A.    that TheFitLife has infringed and is infringing each of the '127 Patent and the '915 Patent;

B.    that such infringement was and is willful;

C.    preliminarily and permanently enjoining TheFitLife, its principal, officers, directors, agents, servants, employees, affiliates, successors and assigns, dealers, retailers, distributors, manufacturers, and all others in active concert and/or participation with TheFitLife, from infringing the '127 Patent and the '915 Patent, pursuant to 35 U.S.C. § 283;

D.    awarding Telebrands damages for TheFitLife's direct infringement of both the '127 Patent and the '915 Patent, in an amount to be ascertained at trial, including at least a reasonable royalty and/or TheFitLife's lost profits, together with interest and costs, pursuant to U.S.C. § 284;

E.    trebling the amount of damages for TheFitLife's infringement of both the '127 Patent and the '915 Patent, pursuant to U.S.C. § 284;

F.    finding the case exceptional and awarding Telebrands reasonable attorneys' fees, pursuant to U.S.C. § 285; and

G.    granting Telebrands such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| *Of Counsel:*<br><br>Michael J. Zinna<br>Vincent M. Ferraro<br>KELLEY DRYE & WARREN LLP<br>3 World Trade Center<br>New York, NY 10007<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br>mzinna@kelleydrye.com<br>vferraro@kelleydrye.com<br><br>Joshua B. Long<br>KELLEY DRYE & WARREN LLP<br>515 Post Oak Blvd., Ste. 900<br>Houston, TX 77027<br>Telephone: (713) 355-5054<br>Facsimile: (713) 355-5001<br>jlong@kelleydrye.com<br><br>Dated:  January 12, 2024 | ASHBY & GEDDES<br><br>*/s/ Andrew C. Mayo*<br>_____<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>amayo@ashbygeddes.com<br><br>*Attorneys for Plaintiff*<br>*Telebrands Corporation* |